```
UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF INDIANA
       INDIANAPOLIS DIVISION
```

MICHAEL B. COMINGORE,              )
                                   )
       Plaintiff,                 )
                                   )
  vs.                              )     1:10-cv-0279-LJM-TAB
                                   )
CLARIAN HEALTH PARTNERS, INC., et al.,  )
                                   )
       Defendants.                )


## DISCOVERY ORDER

The parties appeared by counsel on December 1, 2010, and presented argument on a discovery dispute after submitting letters and related discovery documents outlining their positions. Defendant Clarian Health Partners objects to producing a copy of the employment contract between its subsidiary and Dr. Mark Estrada. Defendant also objects to answering several requests for admission involving Estrada, his alleged conduct, and the policies Plaintiff alleges might govern his conduct. Although Defendant has raised a number of objections to responding to the disputed discovery, the only objection with any substance is Defendant's contention that the Plaintiff and Estrada are not similarly situated.

Defendant claims Plaintiff resigned in lieu of termination for violating Clarian's Workplace Violence Policy by angrily touching a coworker. Plaintiff denies touching the coworker in an angry manner and claims he was terminated because of his age. Plaintiff points to Estrada as a similarly situated person who violated the policy with impunity. Specifically, Plaintiff contends that Estrada threw a stapler that injured a Clarian employee, but that Estrada's privileges were not revoked despite the policy.

Plaintiff and Estrada are not identical for comparison purposes. Plaintiff was a nuclear medicine technologist, whereas Estrada was a physician. But as recently stated in *Chaney v. Plainfield Healthcare Ctr.*, 612 F.3d 908, 916 (7th Cir. 2010), "the similarly situated co-worker inquiry is a search for a substantially similar employee, not for a clone." Moreover, Defendant disputes that Estrada, an employee of a Clarian subsidiary, was subject to the policy.

Nevertheless, given the broad scope of discovery under Federal of Civil Procedure 26, Plaintiff should be permitted some limited discovery into this issue. All Plaintiff is asking for is a copy of Estrada's contract with the Clarian subsidiary and answers to eight requests for admission that relate to Estrada and the alleged stapler incident. This discovery presumably will shed light on whether Estrada was under any obligation to follow Clarian's policies. It is conceivable, for example, that doctors sent to Clarian through its subsidiary must agree to follow some Clarian policies and procedures, such as the Workplace Violence Policy. If so, then it would be reasonable for Plaintiff to discover why Estrada allegedly was not disciplined for throwing a stapler and injuring a Clarian employee. If not, this theory of Plaintiff's case is eliminated.

Furthermore, a protective order already limits the manner in which Plaintiff can utilize and distribute information, such as that in dispute here, that Defendant seeks to protect against dissemination to third parties.

At bottom, Defendant has not convinced the Court that its objections warrant foreclosing the limited discovery at issue here. Plaintiff and Estrada may not have been identical in all respects, but the situation and circumstances are close enough to permit the limited discovery Plaintiff seeks. Defendant's objections are overruled. Defendant shall produce the contract and

respond to the disputed requests for production within 14 days.

    Dated: 12/07/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

John H. Haskin
HASKIN LAUTER & LARUE
jhaskin@hlllaw.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com

Dorothy D. Parson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
dorothy.parson@odnss.com

Ryan Patrick Sink
HASKIN LAUTER & LARUE
rsink@hlllaw.com