UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL B. COMINGORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:10-cv-0279-LJM-TAB |
| | ) | |
| CLARIAN HEALTH PARTNERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DISCOVERY ORDER**

On December 7, 2010, the Court issued a discovery order addressing the parties' dispute over whether Plaintiff Michael Comingore could request admissions and documents related to Dr. Mark Estrada. Estrada, who was a physician at the same facility where Comingore was a radiology technician, was involved in a workplace violence incident ("the stapler incident") that resulted in discipline. The Court resolved that dispute by permitting limited discovery—production of Estrada's contract and eight requests for admission related to Estrada and the incident.[1]

The limited discovery has raised more issues. On January 4, 2011, Plaintiff subpoenaed Estrada for deposition on February 3, and also propounded second sets of interrogatories and requests for production seeking information related to the stapler incident, Estrada's discipline, Estrada's credentialing, and whether Estrada was subject to Clarian's workplace violence policy

---

[1] Although the final sentence of the December 7 order refers to requests for production, the body of the order indicates that the Court would permit eight requests for admission. The Court amends its December 7 order to correct this inconsistency, and the final sentence is amended to read "Defendant shall produce the contract and respond to the disputed requests for admission within 14 days."

(HR 147). Clarian opposes more discovery, which it argues is irrelevant because Estrada—a physician subject to different disciplinary authority than Comingore, and whose workplace violence incident arguably differed from Comingore's—is not a similarly situated comparator. Comingore argues that additional discovery is necessary because he has not yet received from Clarian a clear picture of the stapler incident, Estrada's discipline, or whether HR 147 applied to Estrada. For example, Clarian admitted in its amended answer that Estrada threw a stapler that injured a Clarian employee. [Docket No. 26 at 8–9.] However, the parties appeared by counsel for a January 27, 2011, telephone conference during which Clarian asserted that Estrada merely cleared a desk, resulting in the stapler leaving the desktop and injuring a Clarian employee.

After considering the parties' arguments and submissions, the Court concludes that Comingore is entitled to more information to obtain an accurate picture of the stapler incident. Despite some differences between Comingore and Estrada, they did work at the same facility and it appears they were both subject to that facility's workplace violence policy. Whether Comingore and Estrada are similarly situated to carry the day at summary judgment is an issue better resolved at that stage, with a more complete record.

Comingore may therefore depose Estrada on February 3, if Estrada is available, or on another mutually agreeable date. The deposition is limited to three topics: (1) the circumstances of the stapler incident; (2) any discipline Estrada received as a result of the stapler incident; and (3) Estrada's knowledge regarding the applicability of HR 147 to him at the time of the stapler incident, and the bases, if any, for that knowledge. This deposition may not exceed ninety minutes, provided efforts are not made by Estrada or counsel to unnecessarily prolong the deposition. Clarian need not respond to Comingore's second set of interrogatories and second set

of requests for production because they exceed the scope of this deposition. The deposition of Estrada (in addition to upcoming depositions of Todd Stanley and Ethel Middlebrook, who were involved with Comingore's incident) is likely to provide the information Comingore seeks. If Plaintiff believes he needs additional information after these depositions, the parties shall meet and confer. If necessary, the parties may contact the Magistrate Judge to resolve any remaining disputes, though the Magistrate Judge expects that after two conferences and discovery orders, the parties would have little need for more guidance.

Dated: 01/31/2011

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

John H. Haskin
HASKIN LAUTER & LARUE
jhaskin@hlllaw.com

Bonnie L. Martin
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
bonnie.martin@odnss.com

Dorothy D. Parson
OGLETREE, DEAKINS, NASH, SMOAK & STEWART
dorothy.parson@odnss.com

Ryan Patrick Sink
HASKIN LAUTER & LARUE
rsink@hlllaw.com